FILED
Jan 22, 2021
02:09 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **MARIO HARPER,** | ) | **Docket No. 2019-08-0055** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 3628-2019** |
| **FLAVA HOUSE, LLC,** | ) | |
| **Uninsured Employer.** | ) | **Judge Amber E. Luttrell** |

## COMPENSATION ORDER

The Court held a Compensation Hearing on January 6, 2021, on Mr. Harper's request for medical benefits and temporary disability benefits for burn injuries he sustained working for Flava House, LLC. Flava House has not participated in this case and did not appear for the Compensation Hearing. For the reasons below, the Court holds Mr. Harper is entitled to the requested benefits.

### Claim History

Mr. Harper, a Tennessee resident, worked as a grill cook for Flava House. He testified he earned $13 per hour and worked fifty-two hours per week.

On July 22, 2018, Mr. Harper sustained burns when he reached for a pan on the stove and a fire ignited, which caught his left arm and legs on fire. A coworker assisted him and called the owner to report the accident. The owner returned and spoke to Mr. Harper before the ambulance transported him to the hospital. Flava House terminated Mr. Harper that day and did not pay worker's compensation benefits.

Mr. Harper received emergency treatment, including surgery, at Regional One Health Hospital. Dr. William Hickerson treated Mr. Harper for second degree-burns to his left arm and both legs. Dr. Hickerson testified that he treated Mr. Harper's left-arm burn with a skin substitute and thought his leg wounds would heal on their own.

Mr. Harper stayed in the hospital several days and then underwent outpatient treatment at the Wound Care Center through September 14, 2018. Dr. Hickerson testified

1

that on that date, "everything was healed and he was discharged." Dr. Hickerson stated he would have restricted Mr. Harper from working due to his injuries from July 23 through his September 14 discharge date. Further, Dr. Hickerson reviewed Regional One Health's bills and testified they represented reasonable, necessary, and customary charges for the work injury.

At trial, Mr. Harper asserted that Flava House did not have workers' compensation insurance coverage on his injury date and offered proof to seek discretionary benefits from the Bureau's Uninsured Employers Fund.

Emily Bragg, Mr. Harper's former attorney, testified regarding his request for benefits from the Uninsured Employers Fund under Tennessee Code Annotated section 50-6-801(d). Specifically, she testified concerning the timeframe of her efforts to determine Flava House's insurance coverage and when she provided notice to the Bureau as required under section 50-6-801(d)(4).

Ms. Bragg stated she performed an insurance coverage verification search on Flava House through the Bureau's website on August 10, 2018, and the website showed Flava House had workers' compensation insurance. A few days later, she sent a letter of representation to Flava House and was contacted by an attorney, who stated he represented Flava House in this claim. She understood from the attorney that Flava House had workers' compensation insurance for the claim.

Ms. Bragg testified she first learned Flava House might not have been insured on January 15, 2019, when the attorney informed her that he was not going to represent Flava House. She filed a Petition for Benefit Determination that day, and the Bureau assigned a Compliance Specialist to initiate a coverage investigation on January 17.

The Bureau's Compliance Specialist investigated Flava House's coverage status and prepared an Expedited Request for Investigation Report containing his findings. The report stated that Flava House was subject to the Workers' Compensation Law and did not have insurance at the time of Mr. Harper's injury.

**Findings of Fact and Conclusions of Law**

At a Compensation Hearing, Mr. Harper must prove by a preponderance of the evidence that he is entitled to the requested benefits. *Willis v. Allstaff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2019).

Based on the uncontroverted proof, the Court holds the preponderance of the evidence showed Mr. Harper sustained an injury arising primarily out of and in the course and scope of his employment on July 22, 2018. Therefore, the Court turns to his requested

workers' compensation benefits.[1]

Regarding medical benefits, the Workers' Compensation Law requires that an employer furnish medical treatment made reasonably necessary by an injury. Tenn. Code Ann. § 50-6-204(a)(1)(A). Flava House did not do so, and Mr. Harper was forced to seek treatment on his own. Accordingly, Flava House shall pay Mr. Harper's past medical expenses for treatment of his injuries in Exhibit 5 and provide ongoing treatment. The Court designates Dr. Hickerson as the authorized treating physician.

Next, the Court addresses Mr. Harper's claim for temporary total disability benefits (TTD). He testified without contravention regarding the details of his accident, and the medical records and Dr. Hickerson's testimony confirm both the injury and his treatment for it. Dr. Hickerson testified he would have restricted Mr. Harper from work from July 23 through September 14, 2018. Thus, the Court holds Mr. Harper proved his disability resulted from the accident, a causal connection between his injury and the accident, and the duration of his disability. *See Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

As to the amount of TTD, Mr. Harper's unrefuted testimony was that he worked 52 hours per week at the rate of $13 per hour, which results in an average weekly wage of $676.[2] Based on that average weekly wage, he is entitled to a compensation rate of $450.69 from July 23 to September 14, 2018, a period of 7.7 weeks, or $3,470.31.

As the prevailing party, Mr. Harper's counsel submitted an affidavit requesting discretionary costs under Rule 54 of the Tennessee Rules of Civil Procedure. Rule 54.04(2) provides recovery for reasonable and necessary "court reporter expenses for depositions" and "expert witness fees for depositions." *See Garassino v. W. Express, Inc.*, No. M2016-02431-SC-R3-WC, 2018 Tenn. LEXIS 60, at *8-9 (Tenn. Workers' Comp. Panel Feb. 8, 2018).

Here, Mr. Harper's counsel requested costs totaling $1,776.67, representing Dr. Hickerson's deposition fee, the court reporter fee for Dr. Hickerson's deposition, costs for requests for medical records, and administrative expenses. The Court holds Dr. Hickerson's deposition fee and the court reporter fee are recoverable discretionary costs under Rule 54. Thus, the Court holds Flava House, LLC shall pay discretionary costs of

---

[1] Mr. Harper did not introduce any proof of permanent disability or make that request; therefore, no permanent disability benefits are awarded.

[2] Tennessee Compilation Rules and Regulations 0800-02-21-.10(3) (Aug. 2019) requires in part that an employer must file a wage statement with the Clerk within fifteen days after the filing of a dispute certification notice. Flava House did not file a wage statement, so the Court relied on Mr. Harper's unrebutted testimony.

$1705.00.[3] The Court denies the remaining costs.

Finally, because Flava House did not have workers' compensation insurance at the time of the injury, the Uninsured Employers Fund has discretion to pay limited benefits if certain criteria are met. (See attached Benefits Request Form.) Mr. Harper must show, through the testimony, medical records, and the Bureau's Compliance report, that he: 1) worked for an uninsured employer; 2) suffered an injury arising primarily within the course and scope of employment on or after July 1, 2015; 3) was a Tennessee resident on the date of injury; 4) provided notice to the Bureau of the injury and of the employer's lack of coverage within sixty days of the injury; and, 5) secured a judgment for workers' compensation benefits against Flava House for the injury. Tenn. Code Ann. § 50-6-801(d)(1)-(5).

The Court finds Mr. Harper, a Tennessee resident, worked for an uninsured employer, Flava House, LLC, and proved by a preponderance of the evidence that he suffered an injury arising primarily from his employment on July 22, 2018. Further, this order serves as a judgment for benefits. Regarding notice to the Bureau within sixty days, Mr. Harper showed through Ms. Bragg's testimony that he reasonably relied on the coverage check on the Tennessee website and the statements of Flava House's counsel until, on January 15, 2019, he learned Flava House no longer had attorney representation and likely no workers' compensation insurance. He then filed a Petition for Benefit Determination that same day, which was within 60 days of learning of the lack of coverage.

Thus, the Court holds that Mr. Harper satisfied the requirements of section 50-6-801(d) to seek discretionary payment through the Uninsured Employers Fund.

**IT IS, THEREFORE, ORDERED** as follows:

1. Flava House, LLC shall pay temporary total disability benefits from July 23 through September 14, 2018, in the amount of $3,470.31.

2. Flava House, LLC shall provide Mr. Harper future medical treatment under Tennessee Code Annotated section 50-6-204(a)(1)(A). The Court designates Dr. Hickerson as the authorized physician.

3. Flava House, LLC shall pay Mr. Harper's past medical bills from Regional One Health attached as Exhibit 5.

4. Flava House, LLC shall pay Mr. Harper's discretionary costs of $1,705.00.

---

[3] Mr. Harper's counsel is waiving the twenty-percent attorney's fee to which he is entitled under Tennessee Code Annotated section 50-6-226 (2019).

5. Costs of $150.00 are assessed against Flava House, LLC under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (August 2019), to be paid within five days of this order becoming final.

6. Mr. Harper's counsel shall prepare and file the SD-2 with the Clerk within ten business days of the date of this order under Tennessee Code Annotated section 50-6-224.

7. Unless appealed, the order shall become final thirty days after issuance.

**ENTERED January 22, 2021.**


*Amber Luttrell*
**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**


Appendix

**Exhibits**
1. Petition for Benefit Determination
2. Request for Investigation
3. Expedited Request for Investigation Report
4. Dr. Hickerson's deposition
5. Regional One Health medical bills and records

**Technical Record**
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Scheduling Order
4. Motion for Status Conference to Continue Scheduling Order Deadlines
5. Order Granting Motion to Extend
6. Dispute Certification Notice (post-discovery)
7. Order Continuing Compensation Hearing
8. Order Setting Compensation Hearing
9. Employee's Notice of Exhibits
10. Employee's Compensation Hearing Brief
11. Employee's Pre-Compensation Hearing Statement
12. Order Continuing Compensation Hearing
13. Order Resetting Compensation Hearing
14. Notice of Compensation Hearing
15. Certified mail sent to Flava House of Notice of Compensation Hearing

16. Employee's Motion to Present Witness by Telephone
17. Notice of Compensation Hearing by Videoconference
18. Certified mail sent to Flava House of Notice of Compensation Hearing by Videoconference
19. Jonathan Louis May's Affidavit of Case Expenses

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on January 22, 2021.

| Name | Certified Mail | Mail | Email | Service sent to: |
|---|---|---|---|---|
| Jonathan May, Employee's Attorney | | | X | jmay@forthepeople.com shaynes@forthepeople.com |
| Flava House, Uninsured Employer | X | X | | 3279 Kirby Parkway Memphis, TN 38115 and 7761 Roxshire Cove, Memphis, TN 38125 |
| LaShawn Pender, Program Coordinator | | | X | Lashawn.pender@tn.gov wc.memphis@tn.gov |
| Compliance Unit | | | X | Amanda.terry@tn.gov |

_Penny Shrum_
**Penny Shrum, Court Clerk**
wc.courtclerk@tn.gov



<u>Compensation Hearing Order Right to Appeal</u>:

       If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fullycompleted Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____ **Employer**

Notice is given that _____ *[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date filestamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____ issued

by Judge _____.

**Statement of the Issues on Appeal**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

**Parties**

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

RDA 11082 Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____

__ *[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                      RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental   $ _____ per month

Groceries      $ _____ per month      Telephone      $ _____ per month

Electricity      $ _____ per month      School Supplies $ _____ per month

Water      $ _____ per month      Clothing      $ _____ per month

Gas      $ _____ per month      Child Care      $ _____ per month

Transportation   $ _____ per month      Child Support    $ _____ per month

Car      $ _____ per month

Other      $ _____ per month (describe: _____ )

10. Assets:

Automobile      $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House      $ _____      (FMV) _____

Other      $ _____      Describe: _____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20 _____ .

_____

NOTARY PUBLIC

My Commission Expires: _____